# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

**In re:**

**CARRIE M. CHERRY,**

    **Debtor.**

**CHAPTER 13**

**CASE NO. 09-38055-DOT**

**WELLS FARGO BANK, NA,**

    **Plaintiff/Movant.**

**vs.**

**CARRIE M. CHERRY**
**CARL M. BATES, TRUSTEE**
**and JACKIE BRADLEY, SR, Co-Debtor**
**and DELLA CHERRY, Co-Debtor,**

    **Defendants.**

## ORDER GRANTING
## MODIFICATION OF STAY

The Motion of the Movant, Wells Fargo Bank, NA, to amend the automatic stay having been served on the Trustee, the Debtor and the Co-Debtor, the Co-Debtor having failed to file an answer within the time provided, the Co-Debtor being in default, and, upon agreement by Counsel

It appears that Debtor is in possession of a certain real property located at 3104 Stone Dale Court, Richmond, VA 23223, and described as follows:

> **The land referred to in this policy is situated in the State of VA, County of HENRICO, City of RICHMOND and described as follows:**
>
> **All that certain lot, piece or parcel of land, with all improvements thereon and appurtenances thereunto belonging, lying and being in the County of Henrico, Virginia, designated as Lot 8, Block B, Stony Run Estates, Section A, as all shown on a plat by Engineering Design Associates, Architects, Engineers, Surveyors, dated March 19, 2002, entitled "Stoney Run Estates, Section A, Varina District, Henrico County, Virginia", a copy of which was recorded August 6, 2002, in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Plat Book 115, Page 111-114, reference to which plat is hereby made for a more particular description of said real estate.**
>
> **APN 805-726-6828**

Eric David White, Esquire
Counsel for Plaintiff
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
State Bar #21346
(804) 290-4290

Upon consideration, it is **ORDERED**:

(1) Debtor will resume making all future regular monthly installment payments in the amount of $1,014.69, as they become due commencing December 1, 2010, to include any late charges in the amount of $33.11 effective as of the December 1, 2010 payment, if applicable, pending further notice from the mortgage company.

(2) Debtor will cure any arrearage currently due to the Movant for the months of July, 2010 through November, 2010, in the total amount of $6,206.56, which arrears were calculated as follows:

| | |
|---|---:|
| **5 monthly payments (07/01/10-11/01/10) @ $1,014.69/month** | **$5,073.45** |
| **Accrued Late Charges** | **33.11** |
| **Bankruptcy Fees and Costs - Proof of Claim/Plan Review** | **300.00** |
| **Bankruptcy Fees and Costs - Motion For Relief** | **800.00** |
| **Total** | **$6,206.56** |

    a. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

    b. Payment in the amount of $1,014.69 on or before November 15, 2010.

    c. Payment in the amount of $866.00 on or before December 05, 2010.

    d. Payment in the amount of $866.00 on or before January 05, 2011.

    e. Payment in the amount of $866.00 on or before February 05, 2011.

    f. Payment in the amount of $866.00 on or before March 05, 2011.

    g. Payment in the amount of $866.00 on or before April 05, 2011.

    h. Payment in the amount of $861.87 on or before May 05, 2011.

    i. All future payments made pursuant to the terms of this order should be forwarded to the following address until further notice:

        Wells Fargo Home Mortgage, Inc.
        1 Home Campus
        MAC X2301-049
        Des Moines, IA 50328

(3) In the event that any payment required by this order is not received by the Movant within 15 (fifteen) days after it is due the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtor and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

**99-032845-09/knp**

a. That the Debtor is in default in making at least one payment required under this order;

b. The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the notice of default:

   i. Cure the default;
   ii. File an objection with the Court stating that no default exists; or
   iii. File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

e. That if the Trustee or Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and

f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Trustee or Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Trustee nor Debtors have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Trustee or Debtors file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

(4) The provisions of this order with respect to regular monthly installment payments expire one year after the date of entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

(5) Until an order is entered terminating the automatic stay, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

(6) The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

(7) Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $150.00, for issuance of a certificate of default and preparation of an Order Terminating they Automatic Stay.

(8) Relief is granted as to Jackie Bradley, Sr, the Co-Debtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

DATED:

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

_____

I ask for this:

# /s/ ERIC DAVID WHITE

Samuel I. White, P. C.
Eric David White, Esquire, VSBN 21346
Counsel for Wells Fargo Bank, NA
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

Seen and Agreed:

# /s/ RICHARD JAMES OULTON

Richard James Oulton
Counsel for Debtor
PO Box 5928
Glen Allen, VA 23058

# /S/ CARL M. BATES

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

**99-032845-09/knp**

CERTIFICATE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

**/s/ ERIC DAVID WHITE**
Samuel I. White, P. C.

The Clerk shall mail a copy of the entered Order to the following:

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

Richard James Oulton
Counsel for Debtor
PO Box 5928
Glen Allen, VA 23058

Carrie M. Cherry
Debtor
3104 Stone Dale Court
Richmond, VA 23223

Jackie Bradley, Sr
Co-Debtor
3104 Stone Dale Court
Richmond, VA 23223

Della Cherry
3104 Stone Dale Court
Richmond, VA 23223